UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID WILLIAM LINDER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:15-cv-01055-SLD ) |
| J E KREUGER, Warden, | ) ) |
| Respondent. | ) ) ) |

ORDER

Before the Court are Petitioner Linder's motion for relief from his sentence pursuant to 28 U.S.C. § 2241, ECF No. 1; Linder's motion for additional copies of a docket item, ECF No. 51; Linder's renewed motion for bond, ECF No. 57; Linder's motion for an evidentiary hearing, ECF No. 58; his motion asking the court to take judicial notice of certain records, ECF No. 60; what appears to be a petition for writ of mandamus improperly filed before this Court, ECF No. 61; a premature motion for leave to appeal in forma pauperis, ECF No. 66; Linder's motion to expand the record, ECF No. 67; his motion to expedite consideration of his petition, ECF No. 68; another request for copies of the docket, ECF No. 71; and Respondent's motion to substitute Steve Kallis for Jeffrey Krueger as Respondent, ECF No. 72. For the following reasons, the Court DENIES Linder's request for relief from his sentence, finds his many other motions MOOT, and GRANTS Respondent's motion.

**BACKGROUND[1]**

---

[1] As dictated by the analogous federal habeas corpus rules for proceedings under 28 U.S.C. § 2254 and § 2255, the facts recounted here are taken from Respondent's original Response to the Petition, ECF No. 6, unless otherwise noted. *See* 28 U.S.C. § 2248.

1

As detailed in the Court's March 23, 2017 Order, ECF No. 43, Linder was convicted by a jury on February 15, 2005 of conspiracy to distribute and possession with intent to distribute a club drug called "foxy." The jury found that a death resulted from this distribution. He received a life sentence for this conduct pursuant to the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(C), which requires a life sentence for a defendant who has previously sustained a felony drug conviction and who then distributes certain substances that result in the death of another. Linder was also convicted of 18 counts of distributing the drug, five counts of use of a communications facility to facilitate a drug crime, a money laundering count and a count of conspiracy to launder money, and a count of engaging in monetary transactions involving criminally derived property, all of which carried lesser sentences than life. *See United States v. Linder*, Case No. 2:04-CR-00191 (E.D. Va. 2005). Linder appealed; his attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious issues for appeal. The Fourth Circuit agreed, affirming the conviction. *See United States v. Linder*, 200 F. App'x 186, 187 (4th Cir. 2006). Linder sought postconviction relief under 28 U.S.C. § 2255. *See Linder v. United States*, No. 2:07-cv-00581-JBF (E.D. Va. 2008). His petition was denied on December 4, 2008, and the Fourth Circuit declined to consider his appeal of the denial for want of a certificate of appealability. *United States v. Linder*, 329 F. App'x 489 (4th Cir. 2009).

Linder, who is incarcerated in the Central District of Illinois, sought review of his conviction before this Court pursuant to 28 U.S.C. § 2241 on February 2, 2015. ECF No. 1; *see Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014) ("The venue requirement in § 2241 is different from the venue requirement in § 2255: while an action under the latter must be brought in the district of conviction, a petition under § 2241 must be brought in the district of

incarceration."). Linder argued that the Supreme Court's decision in *Burrage v. United States*, 134 S. Ct. 881 (2014), had made unlawful the sentencing enhancement he had received for the death that resulted from his distribution of drugs. Mem. Supp. Pet. 2, ECF No. 2. Respondent sought dismissal of Linder's motion on the ground that *Burrage* was not retroactive, First Resp. 5–7, ECF No. 6, and that the motion was actually a successive § 2255 petition, *id.* at 8–9. The Court disagreed, ruling that *Burrage* was retroactive and that the petition could proceed under § 2241. Mar. 23, 2017 Order 4–11, ECF No. 43. Because Respondent had not addressed the substance of Linder's argument, the Court directed him to do so. Respondent complied on May 4, 2017, ECF No. 49. Linder also filed a by-now-familiar deluge of follow-on motions.

## DISCUSSION

### I. Legal Standard on a Motion for Relief under 28 U.S.C. § 2241

A prisoner seeking to set aside a federal sentence usually must rely on 28 U.S.C. § 2255. *See Collins v. Holinka*, 510 F.3d 666, 666–67 (7th Cir. 2007). An older statute, 28 U.S.C. § 2241, codifies the constitutional guarantee of the writ of habeas corpus, giving federal courts broad authority to grant the writ. *See* U.S. Const., art. 1, § 9, cl. 2; 28 U.S.C. § 2241(a). Section 2255, enacted in 1948, largely supplanted the older § 2241 as the exclusive means for federal prisoners to challenge the legality of their incarceration. *See Collins*, 510 F.3d at 667; *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) ("Ordinarily § 2255 is the exclusive means for a federal prisoner to attack his conviction."). However, § 2255 has a "savings clause," which allows a prisoner to proceed under § 2241 in cases where § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). While § 2255 permits second or successive petitions based on new retroactive rules of constitutional law, it contains no such provision for prisoners seeking relief based on new and retroactive interpretations of statute. *See* 28 U.S.C.

§ 2255(h)(2). For this reason, § 2255 may be "inadequate or ineffective" when a second or successive petition is brought based on retroactive changes in or interpretations of a statute. *See Kramer*, 347 F.3d at 217.

A prisoner who has already filed a § 2255 petition who then seeks retroactive statutory relief from a federal sentence under § 2241 must make three core showings. First, he must show that his legal theory relies on a change of law that has been made retroactive. *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Second, he must show that the change he relies on came after his most recent § 2255 petition, and that his new petition "eludes the permission in section 2255 for successive motions." *Id*. Third, the "change in law" upon which he relies cannot just be a difference between the law of the circuit in which he is incarcerated and the law of the circuit in which he was sentenced. *Id.* at 612.

In addition, § 2255 is inadequate or ineffective, and § 2241 is available, only if a petitioner had "no reasonable opportunity to obtain earlier judicial correction" of the defect in his sentence he now seeks to challenge. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (quoting *Davenport*, 147 F.3d at 611). This amounts to a fairly ordinary rule of forfeiture with a fairly large exception. It is a requirement that either (1) the petitioner have made and preserved his newly-valid statutory argument in his earlier § 2255 petitions, even before the change in law or statutory interpretation that ultimately validated the argument, or (2) "[t]he law of the circuit was so firmly against" a petitioner's new § 2241 argument at the time of his original petition(s) that it would just have "clog[ged] the judicial pipes" to raise it at the time. *Davenport*, 147 F.3d at 610. *But see Camacho v. English*, 872 F.3d 811, 815 (7th Cir. 2017) (Easterbrook, J., dissenting) (taking the position that the Seventh Circuit erroneously permits forfeited arguments to be raised via § 2241 after a favorable change in law). The rule in the Seventh Circuit, at any

4

rate, is one of lenity, permitting petitioners sometimes to get relief when the Supreme Court narrows the scope of the criminal law in a way that could have benefitted them at their trials, but that they and their attorneys might have had no reason to hope for or, more relevantly, argue for at the time. *Cf. Prost v. Anderson*, 636 F.3d 578, 592–93 (10th Cir. 2011) (declining to follow the "erroneous circuit foreclosure test" applied by *In re Davenport*).

## II. Discussion

Petitioner's core contention is that the jury that convicted him of distributing "foxy" resulting in death, 21 U.S.C. § 841(b)(1)(C), was improperly instructed under *Burrage*. Pet. 8. That is, he argues that the jury was not instructed that the "foxy" he distributed must have been the but-for cause of the decedent's death. *Id.*

The Court held in *Burrage* that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." 134 S. Ct. at 892. The Court reached this conclusion, and rejected the government's idea that drugs which were just a "contributing cause" of death could also count, largely on the basis of a plain-language reading of the statute's use of the phrase "results from." *See id.* at 887–88 (producing the dictionary definition of "results" in support of the holding). The Seventh Circuit has emphasized that "*Burrage* . . . is not about who decides a given question (judge or jury) or what the burden of proof is (preponderance versus proof beyond a reasonable doubt). It is rather about *what* must be proved." *Krieger v. United States*, 842 F.3d 490, 499–500 (7th Cir. 2016). The Seventh Circuit has also deemed *Burrage* retroactive. *Prevatte v. Merlak*, 865 F.3d 894, 898 (7th Cir. 2017) (citing *Krieger*, 842 F.3d at 497).

5

Since *Burrage* was decided years after Linder's § 2255 petition was denied by the district court in Virginia, there's no question that he seeks relief from a change in the law that postdates his last petition. *See Davenport*, 147 F.3d at 611. There may well, however, be a question as to whether Linder adequately preserved the argument by making it in his earlier petition. Although Respondent addressed that question in neither his original response, ECF No. 6, nor his amended one, ECF No. 49, this Court stated that Linder could not, and therefore, need not have made a *Burrage*-type argument in his initial § 2255 petition in order to bring it now. Mar. 23, 2017 Order 6. That determination was likely incorrect. *See Prevatte*, 865 F.3d at 898–99 (rejecting petitioner's § 2241 *Burrage* argument because he hadn't made it before and hadn't been foreclosed from doing so by circuit precedent). On the record before the Court, the Court cannot now determine whether Linder sufficiently preserved the argument; however, the Court need not decide the question, because it is plain enough that Linder's current argument fails on its merits.

Linder's jury was given this instruction about how it was to determine whether death resulted from Linder's distribution of the drug:

> In Count One of the indictment, overt act numbers 83 and 84, [sic] charge that Phillip Conklin's death resulted from the use of the controlled substance analogues distributed, or caused to be distributed, by the defendant. If you find the defendant guilty on Count One, you will then have to determine beyond a reasonable doubt if death resulted from the use of the controlled substance analogue. . . .
>
> The law provides that whenever death or serious injury is a consequence of the victim's use of a controlled substance that has been distributed by the defendant, a more serious offense is committed, regardless of whether the defendant knew or should have known that death would result. There is no requirement that the death resulting from the use of the controlled substance distributed was a reasonably foreseeable event, or that the controlled substance was the proximate cause of the death.
>
> A finding by you that, but for the victim Phillip Conklin ingesting the charged controlled substance analogues distributed or caused to be distributed by the defendant, if you find that analogues were intended for human consumption,

>    the victim would not have died, satisfies this standard.
>
>    Therefore, you are to determine in Count One if the death of Phillip Conklin on or about April 14, 2002, resulted from the use of controlled substance analogues that the defendant distributed, or caused to be distributed, with the intent of human consumption.

Jury Instruction No. 40, Am. Resp. Ex. 1 46–47, ECF No. 49-1 (block capitals changed to lowercase lettering for readability).

The challenged jury instruction complies with the statute in light of *Burrage*. First, the plain language of the instruction matches exactly the language of the Controlled Substances Act whose plain meaning Justice Scalia interpreted in *Burrage*. That is, 21 U.S.C. § 841(b)(1)(A) attaches a stiffer penalty to drug distribution when death "results from" the use of the drug, and the instruction charges the jury that they must find beyond a reasonable doubt whether death "resulted from" the distribution. As *Burrage* held, the ordinary meaning of the phrase "results from" requires but-for causation. 134 S. Ct. at 887–88. And second, the instruction emphasizes and amplifies the requirement of but-for causation by explaining that a finding of but-for causation satisfies the requirements of the law. While the instruction does not explicitly spell out the holding of *Burrage*—that in the absence of a showing the drug was the independently sufficient cause of death, only a showing of but-for causation is sufficient—it is not required that the instruction have perfectly predicted the substance and language of later cases interpreting the Controlled Substances Act. A district court "is afforded substantial discretion with respect to the precise wording of instructions so long as the final result, read as a whole, completely and correctly states the law." *United States v. Gibson*, 530 F.3d 606, 609 (7th Cir. 2008) (quoting *United States v. Lee*, 439 F.3d 381, 387 (7th Cir.2006)), *cert. denied*, 129 S.Ct. 1386 (2009). Here, there need be no question of the appropriate standard of review; even were the decision to give the instruction reviewed de novo, it would be appropriate. *See United States v. DiSantis*,

7

565 F.3d 354, 359 (7th Cir. 2009) ("[G]eneral attacks on the jury instructions are reviewed for an abuse of discretion." (quoting *United States v. Macedo*, 406 F.3d 778, 787 (7th Cir. 2005)); *Sorich v. United States*, 709 F.3d 670, 674 (7th Cir. 2013) (explaining that a jury verdict should only be reversed on collateral review to the extent that a challenged and incorrect instruction had a "substantial and injurious effect or influence in determining the jury's verdict"). Because the jury instruction accurately stated the law in light of *Burrage*, Linder is entitled to no relief.

Although a certificate of appealability must ordinarily be granted or denied in a petition brought under 28 U.S.C. §§ 2254 or 2255, *see* 28 U.S.C. § 2253(c), no certificate of appealability is required, or required to be granted or denied, in a petition properly brought under 28 U.S.C. § 2241. *Behr v. Ramsey*, 230 F.3d 268, 270 (7th Cir. 2000).

None of Linder's many other filings affect the resolution of his petition as explained above, and so they are all moot.

## CONCLUSION

Accordingly, Petitioner Linder's motion for relief under 28 U.S.C. § 2241, ECF No. 1, is DENIED. His other motions, ECF Nos. 51, 57, 58, 60, 61, 66, 67, 68, and 71 are MOOT. Respondent's motion to substitute party, ECF No. 72, is GRANTED. The Clerk is directed to enter judgment and close the case.

Entered this 2nd day of November, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
