UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DAVID WILLIAM LINDER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:15-cv-01055-SLD ) |
| T. RULE, | ) ) ) |
| Respondent. | ) |

### ORDER

In 2015, Petitioner David William Linder filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court while he was incarcerated at Federal Correctional Institution Pekin in Pekin, Illinois.  Pet. 1,[1] ECF No. 1.  In 2005, Petitioner was convicted by a jury in the Eastern District of Virginia of "conspiracy to manufacture, distribute, or possess with intent to distribute controlled substances and controlled substance analogues in violation of § 846 of the Controlled Substances Act ('CSA'), 21 U.S.C. §§ 801–904."  Aug. 14, 2018 Order 1–2, ECF No. 90.  The jury found that Petitioner "distributed or caused to be distributed controlled substance analogues that resulted in a death," and Petitioner was accordingly sentenced to a term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(C), which at the time required a life sentence for a defendant who was convicted of distributing a controlled substance that resulted in a death and who had a conviction for a prior felony drug offense.  *Id.* at 2.  As relevant here, Petitioner was also convicted of eighteen counts of distributing controlled substance analogues.

---

[1] The Court uses the CM/ECF-generated page numbers for all of Petitioner's filings because they are inconsistently paginated.

1

*Id.* Petitioner's convictions were affirmed on appeal, and his subsequent motion under 28 U.S.C. § 2255 was denied. *Id.*[2]

In his § 2241 petition, Petitioner argued that the law had changed since his conviction, so he was actually innocent, and the evidence presented at trial did not support his conviction and life sentence. Pet. 6–8. Petitioner's claims were based on *Burrage v. United States*, 571 U.S. 204, 218–19 (2014), in which the Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death . . . , a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death." In 2016, Petitioner was granted leave to amend his petition to bring claims under *McFadden v. United States*, 576 U.S. 186 (2015), and other cases that postdated his filing. Mar. 20, 2016 Text Order. In *McFadden*, the Supreme Court decided what kind of knowledge is required to prove a defendant knowingly manufactured, distributed, or possessed with intent to distribute a controlled substance analogue. *McFadden*, 576 U.S. at 188–89.

The Court issued two orders on Petitioner's § 2241 petition. First, in March 2017, it denied the two initial arguments Respondent made—that *Burrage* had no retroactive effect and that the petition should have been construed as a successive motion under § 2255. *See* Mar. 23, 2017 Order 5, ECF No. 43. In that order, the Court noted its conclusion that the adequacy of the jury instructions given at Petitioner's trial would "decide the matter," because "if the jury instructions were adequate under *Burrage*, the time ha[d] passed for [Petitioner] to argue that his conviction under lawfully given instructions was unsupported by sufficient evidence." *Id.* at 10 n.6. Because it denied Respondent's threshold arguments, the Court directed Respondent to

---

[2] The Court's prior orders contain more detailed procedural background. *See, e.g.*, Aug. 14, 2018 Order 1–4; Nov. 2, 2017 Order 2–3, ECF No. 73.

respond to the merits of Petitioner's claim. *Id.* at 11. Then in November 2017, the Court denied Petitioner's § 2241 petition, holding that the jury instruction provided in Petitioner's case complied with the causation standard identified in *Burrage*. Nov. 2, 2017 Order 7–8, ECF No. 73.

Petitioner filed a motion to amend judgment claiming the Court made a number of errors in its denial of his § 2241 motion. Mot. Amend J., ECF No. 78. The Court declined to disturb its ruling on the *Burrage* claim but acknowledged that it had failed to address his *McFadden* claim. Aug. 14, 2018 Order 5–6. It held, however, that the jury instructions at Linder's trial complied with *McFadden*. *Id.* at 11. Concluding that "[b]ecause Linder's jury was correctly instructed as to the law, he [wa]s not entitled to habeas relief," the Court denied the motion to amend. *Id.*

The Seventh Circuit summarily affirmed the Court's judgment. *Linder v. Lammer*, No. 18-2812, 2022 WL 19835739, at *1 (7th Cir. June 17, 2022). It agreed with the Court on the *McFadden* claim, *id.*, but held that Petitioner could not bring a *Burrage* claim in a § 2241 petition—or in other words, he could not proceed to § 2241 via the saving clause of § 2255(e)—because he could not show that "Fourth Circuit precedent had foreclosed a *Burrage*-like argument on direct appeal or in his § 2255 proceeding," *id.* at 2–3.

Ever since the Seventh Circuit's mandate was filed in this Court, *see* Mandate, ECF No. 105, Petitioner has filed a deluge of motions and letters, despite the case being over and the Court's judgment having been affirmed. *See, e.g.*, Mot. Decl. Civil Contempt, ECF No. 106; Letter, ECF No. 107; Mot. Transfer, ECF No. 109; Mot. Jud. Notice, ECF No. 111; Mot. Default J., ECF No. 116; Mot. Bond, ECF No. 119; Mot. Evidentiary Hr'g, ECF No. 120.

3

Currently, eight documents are pending as motions before the Court: Motion for Relief from Judgments, ECF No. 139; Writ of Scire Facias To Answer the Unanswered Question of Jurisdiction, ECF No. 140; The Court's Ratification of Falsified Evidence and Admission of New Falsified Evidence Has Resulted in Immeasurable Harm, ECF No. 141; Motion to Expand Record and Motion for Evidentiary Hearing, ECF No. 142; Emergency Motion for an Evidentiary Hearing, ECF No. 143; Notice of Change in Respondent, ECF No. 145; Motion Per FRCivP Rule 60(b)(4) From Judgments Because The (3) Judgments Are Void Due to Multiple Incurable Jurisdictional Defects, ECF No. 146; and a letter to the Clerk of Court requesting a copy of a sealed document filed on the docket, ECF No. 147.

The Court finds the Notice of Change in Respondent moot because this case is closed, and it grants the request for the sealed document. The Clerk is directed to send a copy of ECF No. 85 to Petitioner.

In the remaining motions, Petitioner appears to be arguing in part that the Court's resolution of his § 2241 petition was flawed. None of his arguments have merit. For example, Petitioner argues that "the case can be reopened on the basis of the Fourth Circuit case of Young v Antonelli," which he claims declared that a *Burrage* claim can be raised via § 2241. Mot. Relief Js. 4. This argument seems to relate to the Seventh Circuit's holding that Petitioner could not bring a *Burrage* claim under § 2241. But this Court has no power to alter the Seventh Circuit's order.[3] Next, he argues that a "stronger argument for reopening the case" is that the Court's resolution of his claims was "based on falsified documents." *Id.* It appears that he believes the jury instructions provided to the Court were doctored, but it is not clear how. *See id.*

---

[3] Moreover, the Supreme Court has since held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act]'s restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465, 471 (2023). Thus, under current law, Petitioner could not raise either of his claims via § 2241.

4

at 27. Even assuming that any evidence Petitioner has to support this argument was discovered after the Court entered its order, a motion for relief from a final judgment based on newly discovered evidence must be filed within one year of the entry of judgment. Fed. R. Civ. P. 60(b)(2), (c)(1). Judgment was entered in this case on November 6, 2017, Judgment, ECF No. 74, but the currently pending motions were filed in 2023 and 2024. Petitioner also argues that his *McFadden* "claim was incorrectly decided." Mot. Expand R. & Mot. Evidentiary Hr'g 46. But the Court's resolution of the claim was affirmed on appeal. And, moreover, a motion to amend judgment based on "a judge's legal errors" must be brought pursuant to Federal Rule of Civil Procedure 60(b)(1), *Kemp v. United States*, 596 U.S. 528, 534 (2022) ("The ordinary meaning of the term 'mistake' in Rule 60(b)(1) includes a judge's legal errors."), and such a motion must be brought within one year of judgment, Fed. R. Civ. P. 60(c)(1). Again, judgment in this case was entered November 6, 2017, but these motions were not filed until 2023 and 2024. The remaining motions are denied to the extent they argue the Court's resolution of these motions was flawed.

Petitioner also seems to raise additional claims that were not part of his initial § 2241 petition and authorized amendments. He argues, for example, that "the Norfolk case was pure and simple retaliation for prevailing against DEA proxies," Mot. Relief Js. 3; that there was no jurisdiction over his criminal case, *see* Writ Scire Facias 1–2; and that no grand jury ever considered his indictment, *see id.* at 4. New claims cannot be raised in this closed § 2241 proceeding. Petitioner must file a new motion for relief to raise claims that were not encompassed within his § 2241 petition and any amendments he was allowed to bring. The Court does not opine on whether such a motion could be filed under § 2241 or § 2255 or via

some other route but does note that because Petitioner is now incarcerated in Indiana, a new § 2241 petition cannot be brought in this District.

Accordingly, the Notice of Change in Respondent, ECF No. 145, is MOOT.  The request for a sealed document, ECF No. 147, is GRANTED.  The Clerk is directed to send a copy of ECF No. 85 to Petitioner.  The remaining motions, ECF Nos. 139, 140, 141, 142, 143, 146, are DENIED.  Petitioner has been filing similar motions repeatedly for over a year even though this case has long been closed and the Court's judgment was affirmed on appeal.  Petitioner is admonished that any motions raising similar issues will be summarily denied.  Any new claims Petitioner wishes to raise must be brought in a new proceeding in an appropriate court.

Entered this 25th day of January, 2024.

s/ Sara Darrow  
SARA DARROW  
CHIEF UNITED STATES DISTRICT JUDGE